IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OPAL V. WALKER,
 Plaintiff,

vs.            Case No.: 5:07cv275/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
 Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court upon Plaintiff's "Petition for Attorneys' Fees and Costs Under the Equal Access to Justice Act" ("EAJA") (Doc. 33) and Defendant's response thereto (Doc. 34). Plaintiff's attorney (hereafter "Petitioner") seeks an award of fees in the amount of $2,811.72, which represents 16.4 total hours of work performed on Plaintiff's behalf as follows: $166.38 per hour for 2.6 hours of work performed in 2007 ($432.59), $172.88 per hour for 3.3 hours of work performed in 2008 ($570.50), and $172.25 per hour for 10.5 hours of work performed in 2009 and 2010 ($1,808.63) (Doc. 33 at 1, 4 & n.3). Petitioner additionally seeks filing fee costs in the amount of $350.00 and expenses in the amount of $250.00 (*id.*). Defendant has responded to Plaintiff's motion and agrees that fees, costs, and expenses—in the amounts claimed by Petitioner—should be paid (*see* Doc. 34). Defendant notes, however, that under the EAJA, costs, including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration (*id.* at 1 (citing 28 U.S.C. §§ 1920(1), 2412(a), 2412(c)(1), 2412(d)(4), and 31 U.S.C. § 1304)).

    The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 9, 10). The application for fees was timely filed, and the Commissioner's position was not substantially justified. Additionally, Defendant agrees that fees and expenses should be paid in this case. Accordingly, an award under the EAJA is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Petitioner seeks compensation at hourly rates of $166.38, $172.88, and $172.25, for work performed in 2007, 2008, and 2009–2010, respectively, in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that he does not contest an award of attorney fees based upon these hourly rates. Further, this court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Carnley v. Astrue, Case No. 5:07cv155/RS/EMT (N.D. Fla. 2008) (finding compensation at rates of $176.63 and $168.63 per hour reasonable for work performed in 2008 and 2007); Singleton v. Barnhart, Case No. 1:05cv82/MMP/EMT (N.D. Fla. 2006) (finding compensation at rates of $161.33 and $155.59 per hour reasonable for work performed in 2006 and 2005); Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004). Thus, attorney fees totaling $2,811.72 should be awarded.

The remaining question concerns to whom the award shall be payable. In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 724, 172 L. Ed. 2d 730 (2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney.[1] Although Reeves did not address the

---

[1] The undersigned notes that this issue is currently pending before the Supreme Court. *See* Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008) (concluding that EAJA fees are properly awarded to the party's attorney and noting conflict among Circuits), *reh'g denied* (Dec. 5, 2008), *petition for cert. granted,* 130 S. Ct. 48, 174 L. Ed. 2d 631 (Sept. 30, 2009).

payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Baker v. Astrue, 2009 WL 2423530, at *1 (M.D. FL August 2, 2009) (same). In the instant case, Petitioner attached to the motion for EAJA fees an "Assignment of EAJA Fee," in which Plaintiff has assigned her interest in any EAJA award to Petitioner (*see* Doc. 33, Attach). Moreover, based on Plaintiff's assignment, Defendant does not object to an award payable to Petitioner (*see* Doc. 34 at 2).

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Petition for Attorneys' Fees and Costs Under the Equal Access to Justice Act (Doc. 33) be **GRANTED** as follows:

> Plaintiff's counsel, Heather Freeman, is entitled to recover fees in the amount of $2,811.72, expenses in the amount of $250.00, and costs in the amount of $350.00 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA"). The amount of attorney fees and hourly rates requested under the EAJA are reasonable, as are the expenses, and the Commissioner is therefore directed to pay counsel $3,061.72, which represents $2,811.72 in fees and $250.00 in expenses. Costs in the amount of $350.00 are also awarded, to be paid from the Judgment Fund of the United States Treasury.

At Pensacola, Florida, this 1st day of June 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**